# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JIMMIE DORSEY,

    Petitioner,

v.                                          CASE NO. 8:09-CV-88-T-30TGW
                                                CRIM. CASE NO. 8:07-CR-169-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

BEFORE THE COURT is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), Petitioner's Supplemental Memorandum of Law (CV Dkt. 8), the Government's Response in Opposition (CV Dkt. 9), and Petitioner's Reply (CV Dkt. 10). Upon consideration, the Court concludes that the instant § 2255 motion should be summarily denied without an evidentiary hearing because it plainly appears from the parties' pleadings and the prior criminal proceedings that Petitioner is not entitled to relief. *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, Petitioner's § 2255 motion is **DENIED**.

**Procedural history**

On May 17, 2007, Dorsey was charged by Information with possessing with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(ii) (Count One) and possessing a firearm by a convicted felon in violation of

18 U.S.C. §§ 922(g) and 924(e) (Count Two) (CR Dkt. 13). Pursuant to a plea agreement, Petitioner pled guilty to the charges (CR Dkts. 17, 21, 36).

Petitioner was sentenced to 262 months in prison, followed by 8 years of supervised release (CR Dkt. 28). On September 7, 2007, Petitioner's attorney filed a Notice of Appeal (CR Dkt. 30). Petitioner's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) in which he asserted that he saw no meritorious grounds for an appeal (CV Dkt. 9-2). In the brief, Petitioner's attorney presented two issues that Petitioner may have been interested in presenting:

1. WHETHER MR. DORSEY'S SENTENCE WAS REASONABLE PURSUANT TO 18 U.S.C. § 3553(A) AND THE *UNITED STATES V. BOOKER*, 543 U.S. 220, 125 S.CT. 738 (2005)?

2. WHETHER MR. DORSEY'S GUILTY PLEA WAS KNOWINGLY AND VOLUNTARILY ENTERED?

(CV Dkt. 9-2).

Petitioner did not present a supplemental *pro se* brief. On March 26, 2008, the Eleventh Circuit, after an independent review of the record, found no meritorious issues, and affirmed Petitioner's convictions and sentences (CR Dkt. 43).

## Discussion

In his § 2255 motion, Petitioner raises four grounds for relief:

**Grounds One and Three:** He is actually innocent of the sentencing enhancement because *Begay v. United States*, 128 S.Ct. 1581 (2008), *Archer v. United States*, 531 F. 3d

1347 (11th Cir. 2008), and U.S.S.G. Amendment 433[1] prevent his underlying conviction for felon in possession of a weapon to be counted as a crime of violence.

**Ground Two:** Appellate counsel was ineffective in failing to foresee that possession of a weapon is not a crime of violence, and therefore appellate counsel should have raised on direct appeal the claim that Petitioner was not a career offender because his underlying possession of a weapon conviction was not a crime of violence which could be used to enhance his sentence.

**Ground Four:** Petitioner's sentence is manifestly unjust and amounts to cruel and unusual punishment.

**Appeal waiver**

By virtue of the express language of his Appeal of Sentence-Waiver, Petitioner has waived the right to collaterally attack his sentence on Grounds One and Three in his § 2255 motion.[2] In his Plea Agreement, Petitioner expressly waived his right "to appeal defendant's sentence or to challenge it collaterally, including but not limited to the filing of a 28 U.S.C. § 2255 petition, on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground

---

[1] Amendment 433 to the Sentencing Guidelines states in pertinent part that "[t]he term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon."

[2] Petitioner did not waive the right to appeal or challenge collaterally his sentence on the basis that it violates the Eighth Amendment to the United States Constitution (CR Dkt. 17 at pg. 14). Therefore, he did not waive the right to bring his claim under Ground Four in this action.

3

that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eight Amendment to the Constitution..." (CR Dkt. 17, p. 14). Petitioner's appeal waiver waives the right to bring Grounds One and Three in the instant § 2255 collateral challenge. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005), *cert. denied*, 546 U.S. 902 (2005)("It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."). The plain language of the appeal waiver provision informed Petitioner that he was waiving his right to collaterally attack his sentence on these grounds.

During Petitioner's Rule 11 colloquy, the magistrate judge specifically questioned Petitioner concerning the specifics of his appeal waiver and determined that he knowingly and voluntarily entered into the plea agreement. (CR Dkt. 36, pp. 41-42, 46-47). [3]

**Procedural bar**

Even if Petitioner's appeal waiver does not preclude a § 2255 collateral attack on Grounds One, Three and Four, to the extent he could have raised these claims he now seeks to raise on direct appeal, he is procedurally barred from raising these claims now. "In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding." *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). Accordingly, Petitioner is barred from asserting his sentencing error claims unless he can show cause excusing his failure to raise the claims

---

[3]During his plea colloquy, Petitioner stated that he understood the appeal waiver (CR Dkt. 36, pp.41-42). He has not overcome the strong presumption that his representation was true. *See Patel v. United States*, 252 Fed.Appx. 970, 975 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2890, 171 L. Ed. 2d 825 (2008)(remanded on other grounds).

previously and actual prejudice resulting from the alleged error. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Petitioner makes no showing of cause or prejudice excusing his procedural default.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate … 'cause' and actual 'prejudice'…." *Hill v. United States*,    F.3d   , 2009 U.S. App. LEXIS 2911, 2009 WL 3666913 (11th Cir. 2009) (quoting *Bousley v. United States*, 523 U.S.614, 622 (1998)); *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge."). Petitioner offers nothing to support a finding of cause and prejudice excusing his procedural default.[4]

Moreover, to the extent Petitioner argues in his Supplemental Memorandum of Law (CV Dkt. 8) that he is entitled to review of his procedurally barred claims because he is "actually innocent," the claim is easily disposed of, as there is no evidence of his factual innocence. *See Lynn v. United States*, 365 F.3d 1225, 1232-33 (2004). "This exception is exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "'[A]ctual innocence' means factual innocence, not mere legal innocence." *Bousley*

---

[4]To the extent Petitioner may be arguing that his appellate counsel's alleged ineffective assistance in failing to raise his sentencing claims on direct appeal is "cause" for his procedural default, the argument fails. As explained, *infra*, appellate counsel was not ineffective in failing to raise Petitioner's sentencing claims on appeal. Moreover, Petitioner was given the opportunity to raise his claims in a supplemental brief (See Dkt. 9-4).

5

*v. United States*, 523 U.S. 614, 623 (1998).

In discussing the "actual innocence" exception as it applied to a state prisoner's § 2254 petition, the Supreme Court reaffirmed that this exception is available only in "extraordinary" cases. *House v. Bell*, 547 U.S. 518 (2005). The Court reaffirmed the standard for the actual innocence exception articulated in *Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner must present "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 536-37. Petitioner has not done so. Petitioner presents no new evidence, let alone "reliable new evidence," which supports his claim of actual innocence.

Finally, the record refutes Petitioner's claim of actual innocence. During his plea colloquy, while under oath, Petitioner admitted the accuracy of the facts included in his Plea Agreement (CR Dkt. 36 at pgs. 12-14). Those facts support the drug and possession of a firearm charges. Additionally, as part of the plea colloquy, Petitioner confirmed under oath that he was pleading guilty voluntarily (Id. at pg. 43). The representations made at a plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant's statements made in open court are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).[5]

Accordingly, review of Grounds One, Three and Four are barred.

---

[5] Moreover, to the extent Petitioner argues he is actually innocent of the career offender enhancement, as explained, *infra*, his claim is without merit as he was properly sentenced as a career offender based on his prior controlled substance offenses.

6

**Petitioner's claims are not cognizable under § 2255**

Grounds One and Three, Petitioner's claims that the Court erroneously sentenced him as a career offender, is a non-constitutional issue that Petitioner could have raised on direct appeal. Therefore, it is not cognizable on collateral review under § 2255. *See Lynn v. United States*, 365 F.3d at 1232-33 ("[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment... unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice.").

Further, Petitioner's claim that pursuant to *Begay* and *Archer* his sentence should be set aside and reconsidered without the career offender enhancement is not cognizable in this action. Because Petitioner's status as a career offender "is a non-constitutional issue that [Petitioner] could have raised on direct appeal, it is not cognizable on collateral review under § 2255." *United States v. Coley*, 2009 U.S. App. LEXIS 15607, at *8 (11th Cir. Fla. July 14, 2009). This is so even though *Begay* and *Archer* had not yet been decided when Petitioner was sentenced. *See Coley,* 2009 U.S. App. LEXIS 15607, at *7 ("*Begay* and *Archer* had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal-- just as *Begay* and *Archer* later did.").

**Petitioner's claims have no merit**

    1.    **Grounds One and Three**

Petitioner's claim that he is actually innocent of the career offender enhancement because pursuant to *Begay*, *Archer*, and Amendment 433, felon in possession of a weapon is not a "crime of violence" is without merit. To be sentenced as a career offender, the district court must find by a preponderance of the evidence that: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or *a controlled substance offense*." U.S.S.G. § 4B1.1(a); *United States v. Young*, 527 F.3d 1274, 1277 (11th Cir. 2008)(emphasis added). Petitioner was sentenced as a career offender because his three prior state felony convictions for possession and delivery of cocaine qualified as predicate convictions to enhance his sentence as a career offender under the Sentencing Guidelines. See U.S.S.G. § 4B1.2(b) (A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."). Therefore, even if Petitioner's prior conviction for felon in possession of a firearm was not a crime of violence, and could not be used as a qualifying offense under the career offender provision of the Sentencing Guidelines, Petitioner still was correctly sentenced as a career offender since he

had at least two prior felony convictions for controlled substance offenses. Accordingly, Petitioner is not entitled to be resentenced without the career offender enhancement.

### 2. Ground Two

Petitioner claims appellate counsel was ineffective in failing to foresee that possession of a weapon is not a crime of violence, and therefore was ineffective in failing to assert on appeal that Petitioner's sentence was erroneous because Petitioner did not qualify as a career offender. Petitioner wholly fails to demonstrate that appellate counsel was ineffective.

First, because Petitioner waived his right to take a direct appeal of this sentencing issue, he cannot show counsel was ineffective in failing to raise the issue on direct appeal. Even if counsel had raised the issue on direct appeal, the appellate court undoubtedly would have rejected the issue as barred by the waiver clause in the plea agreement.

Second, as discussed, *supra*, even if Petitioner's prior offense of felon in possession of a firearm was not a crime of violence, and could not be used as a qualifying offense under the career offender provision of the Sentencing Guidelines, Petitioner still was correctly sentenced as a career offender since he had at least two prior felony convictions for controlled substance offenses. Therefore, appellate counsel was not ineffective in failing to assert on direct appeal that Petitioner did not qualify as a career offender.

Finally, to the extent Petitioner argues appellate counsel was ineffective in failing to anticipate a change in the law, i.e., *Begay* and *Archer*, his claim likewise fails. Failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *United States v. Ardley*, 273 F.3d 991, 993-94 (11th Cir. 2001).

9

### 3. Ground Four

In Ground Four, Petitioner argues that it is a manifest injustice and cruel and unusual punishment "for the movant to remain incarcerated on a [sic] unconstitutional sentence and conviction[.]" (CV Dkt. 1 at pg. 8). First, Petitioner admitted to the crimes and pled guilty. Therefore, there is nothing manifestly unjust or cruel and unusual about his convictions.

Second, when faced with an Eighth Amendment challenge, this Court "must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir.), *cert. denied*, 546 U.S. 893 (2005). If the defendant satisfies his burden of establishing disproportionality, this Court then "must [] consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *Id*. at 1324, n.4.

"'Outside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare.'" *Id*. at 1323 (quoting *Solem v. Helm*, 463 U.S. 277, 289-90 (1983)). This is so because this Court "accord[s] substantial deference to Congress, as it possesses 'broad authority to determine the types and limits of punishments for crimes.'" *Id*. (quoting *Solem*, 463 U.S. at 290); *see also Harmelin v. Michigan*, 501 U.S. 957, 1006-07 (1991) ("We have never invalidated a penalty mandated by a legislature based only on the length of sentence, and. . . we should do so only in the most extreme circumstances.") (Kennedy, J., concurring).

In *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir.), *cert. denied*, 127 S. Ct. 462 (2006), the Eleventh Circuit rejected a defendant's Eighth Amendment challenge on the ground that he had failed to make the threshold showing of disproportionality because the district court had sentenced him within the statutory limits. Because the defendant had failed to make the threshold showing of disproportionality, the Eleventh Circuit did "not [need] to consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crimes in other jurisdictions." *Id*. Petitioner was properly sentenced as a career offender, and was sentenced at the bottom of the Guidelines. Like the defendant in *Johnson*, 451 F.3d at 1243, Petitioner has not satisfied his burden of establishing disproportionality, and has not otherwise established that his sentence is cruel and unusual.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentencing Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u> :
*Pro Se* Petitioner
Counsel of Record

11